IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02123-PAB-MJW

LEROY LUCIO,
OSCAR FUENTES,
RENE FUENTES, and
RUDY MONCADA,
On their own behalf and on behalf of all others similarly situated,

    Plaintiffs

v.

RANGER FIRE, INC.

    Defendant.

**STIPULATED PROTECTIVE ORDER
CONCERNING CONFIDENTIAL INFORMATION**
( Docket No 24-1 )

The parties, by and through their respective counsel, stipulate to the entry of this protective order concerning confidential information:

1.     **Purpose:** The parties anticipate that during the course of this litigation, they will disclose or produce documents, testimony, and other information that contains proprietary, confidential, or personal information not publicly available, or and that implicates a privilege or legitimate privacy interest. The court enters this order to allow the parties to produce such confidential information while preserving it from unauthorized or unnecessary disclosure.

2.     **Scope:** This protective order applies to all documents, materials, information, and deposition testimony marked "CONFIDENTIAL" by a party that a party provides or discloses to an opposing party during this litigation.

1

3.  **Documents:** Fed.R.Civ.P. 34 (a) (1) (A) provides the definition of "document" in this order. A draft or non-identical copy is a separate document within the meaning of this term.

4.  **"CONFIDENTIAL INFORMATION"** means documents, materials, information, and testimony a party provides or discloses during this litigation that is marked or designated "CONFIDENTIAL" and is proprietary, confidential, and not publicly available, or that implicates a privilege or legitimate privacy interest.

5.  **Lawyer Review:** Documents a party intends to mark "CONFIDENTIAL" must first be reviewed by a lawyer for the party who will certify the "CONFIDENTIAL" designation is based on a good faith belief the information in the documents is confidential or otherwise entitled to protection.

6.  **Restrictions:** Confidential information must not be disclosed or used for any purpose except the preparation and trial of this case.

7.  **Exceptions:** Confidential information must not be disclosed without the consent of the party producing it or further order of the court, except such information may be disclosed to:

    (a) Attorneys working on this case;

    (b) persons regularly employed or associated with the attorneys working on the case whose assistance is required by said attorneys to prepare for trial, at trial, or at other proceedings in this case;

    (c) the parties and designated representatives for the corporate defendant;

    (d) expert witnesses and consultants retained in connection with this case, to the extent such disclosure is necessary for preparation, trial, or other proceedings in this case;

(e) the court and its employees;

(f) stenographic reporters engaged in proceedings necessarily incident to the conduct of this action;

(g) deponents, witnesses, or potential witnesses; and,

(h) other persons by written agreement of the parties.

8. **Parties' Own Documents:** This order will not affect any party's right to permit material that it designated as "CONFIDENTIAL" to be revealed to, discussed with, viewed by, or disclosed to anyone the party wishes.

9. **Confidential Designation:** Documents are designated confidential by clearly and conspicuously placing or affixing on them the word "CONFIDENTIAL," or other appropriate notice, in a manner that will not interfere with their legibility.

10. **Testimony:** Whenever a deposition involves the disclosure of information a party regards as confidential, such party shall designate the information confidential on the record during the deposition whenever possible, but a party may designate portions of depositions as confidential after transcription, provided written notice of the designation is promptly given to all counsel of record within 30 days after notice by the court reporter of the completion of the transcript.

11. **Objections:** A party may object to the designation of particular confidential information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten business days after the time the notice is received, then within 30 days of the date on the notice, it shall be the obligation of the party designating the information

as confidential to file an appropriate motion requesting that the court determine whether the disputed information should be subject to the terms of this protective order. If such a motion is timely filed, the disputed information shall be treated as confidential under the terms of this protective order until the court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as confidential and shall not thereafter be treated as confidential information in accordance with this protective order. In connection with a motion filed under this provision, the party designating the information as confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as confidential.

12. **Conclusion of Action:** Within 30 days of the final conclusion of this case, unless other arrangements are agreed upon, all confidential information shall be destroyed or returned to the party who produced it. In the event a party elects to return confidential information to the opposing party, the returning party may request in writing that the returned documents be maintained and not destroyed for up to three years from the final disposition of the case, and the opposing party shall maintain the documents accordingly. A party who destroys the confidential information produced to it must notify the producing party in writing of the manner and date of destruction.

13. **Modification:** This protective order may be modified by the court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

14. **Filing Confidential Documents With The Court:** Nothing in this Order shall prohibit any party from filing (or quoting) any document or testimony marked confidential with the Court, through the Court's CM/ECF system. Should any party file a document marked as

confidential pursuant to this Order, the filing party shall ~~file such document as a restricted document pursuant~~ Comply with D.C.COLO.LCivR 7.2(e). The filing party is not obligated to move the Court to restrict the confidential document it filed as restricted. The document "shall retain a Level 1 restriction for 14 days. If no motion to restrict is filed within such period, the restriction shall expire and the document shall be open to public inspection." *Id.* Either party may move the Court, pursuant to D.C.COLO.LCivR 7.2, to restrict any confidential document that is filed. The parties agree not to oppose or object to any motion requesting that a Level 1 restriction be applied to any document or testimony marked confidential pursuant to this Order.

DONE AND ORDERED this 4th day of January, 2016.

_____

5